UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLD REPUBLIC TITLE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> TROY X. KELLEY and DIANE DUFFRIN KELLEY, individually and as a marital community, <br><br> Defendants. | Case No. <br><br> **DEFENDANTS' NOTICE OF REMOVAL** |

Defendants Troy X. Kelley and Diane Duffrin Kelley (collectively "the Kelleys") hereby remove the action designated below from the Superior Court of the State of Washington for King County pursuant to 28 U.S.C. §§ 1332 and 1441. In support of removal, Defendants state as follows:

## I.     INTRODUCTION

1.     Plaintiff Old Republic Title, Ltd. ("ORT") commenced an action by filing a Complaint against Defendants in the Superior Court of the State of Washington for King County

DEFS.' NOTICE OF REMOVAL -- 1

No.
M41444-1321573

GRAHAM & DUNN PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

at No. 08-2-32353-6 SEA dated December 10, 2009 (the "State Court Action").  (*See* Exhibit A (Compl.).)[1]  Service was effected on December 11, 2009.

2.     Broadly speaking, ORT's Complaint alleges that the Kelleys entered into a contract with ORT to provide certain post-closing services for real estate transactions – known as "reconveyance services" – and failed to fulfill all alleged obligations under that contract.  (*See generally* Compl.)  ORT alleges claims for Breach of Contract, Violation of the Washington Consumer Protection Act, Piercing the Corporate Veil, Liability for Improper Winding Up, and Unjust Enrichment.  (Compl. ¶¶ 30-53.)

## II.     BASIS FOR REMOVAL

3.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it has been filed by January 10, 2009, or within thirty days of service of the Complaint.

4.     This Notice of Removal is procedurally proper under 28 U.S.C. § 1446 because the court where Plaintiff's action was first filed – the Superior Court of the State of Washington for King County – is within this Court's judicial district.  28 U.S.C. § 1446(a).  Defendants are filing a "Notice of Notice of Removal" with the Superior Court of the State of Washington for King County and are serving a true and correct copy of the same on counsel for ORT.  (*See* Exhibit C (pre-filing copy of "Notice of Notice of Removal").)

5.     This Notice of Removal is a valid petition for this Court's original jurisdiction because the amount in controversy exceeds $75,000 and the matter involves diverse parties.  *See* 28 U.S.C. § 1332 (granting original jurisdiction to federal courts if subject matter involves diverse parties and an amount in controversy exceeding $75,000); 28 U.S.C. § 1441 (allowing cases over which the federal courts have original jurisdiction to be removed from state courts).

---

[1] Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of Removal copies of all process, pleadings, and orders contained in the docket of the State Court Action.  The Complaint is attached as Exhibit A.  All other records are attached as Exhibit B.  Pursuant to CR 101(b), counsel for Defendants hereby verifies that these are true and correct copies of all the court records and proceedings in the state court action.

DEFS.' NOTICE OF REMOVAL -- 2

No.
M41444-1321573

**GRAHAM & DUNN** PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

6. First, although the Complaint does not allege specific damages, the amount in controversy clearly exceeds $75,000. The Complaint alleges that ORT transferred funds to the Kelleys for the performance of certain reconveyance services. (Compl. ¶¶ 16-17.) The Complaint alleges that the Kelleys failed to fulfill those services, by, among other things, not providing partial refunds that ORT now claims the Kelleys were obligated to make. (*Id.* ¶ 20.) As explained in the Declaration of Troy X. Kelley Regarding Amount in Controversy, attached as Exh. D hereto, ORT has provided information to the Kelleys indicating that it transferred over $1.2 million for reconveyance services. (Kelley Decl. ¶ 6.) Given this amount, Kelley would have had to refund over $1.1 million of the initial fees in order to reduce the amount challenged by ORT below $75,000. Since this did not happen, the amount at issue is greater than $75,000.

7. Moreover, ORT has also asked for "[r]estitution of all reconveyance fees amounts, including the service fee, forwarded to 'The Post Closing Department' . . . ." (Compl. at 12.) Since, as noted, the amounts transferred well exceeded $75,000, ORT's request for restitution of all such funds puts an amount in controversy in excess of $75,000.

8. Second, the parties in this matter are diverse. The Kelleys are residents of the State of Washington, (Compl. ¶ 2), and ORT is not.

9. Under 28 U.S.C. § 1332(c), a corporation is a citizen of the State of its incorporation and of its principal place of business. As alleged in the Complaint, ORT is incorporated in Delaware. (Compl. ¶ 1.) Its principal place of business is in California. According to information provided by ORT to the Washington Secretary of State, all of its ORT's corporate officers are located in California. (*See* Exh. E.) The specific corporate officer who signed the contract at issue here, Carleton Lago, is located in California. (*See* Exh. A to ORT Compl. (contract between Post Closing Department and ORT).) ORT's banking relationships – even for Washington transactions – are supervised by corporate personnel in California. (*See* Exh. F (Kernutt Decl. ¶ 3 (exhibits omitted)).) Indeed, it appears that virtually all of the corporate direction for ORT's operations, including those in Washington, originated at

DEFS.' NOTICE OF REMOVAL -- 3

No.
M41444-1321573

GRAHAM & DUNN PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

the corporate headquarters in California.  Thus, under either the "place of operations" test or the "nerve center" test, *see Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1203 (E.D. Cal. 2008), ORT's principal place of business is in California.

10. In any event, ORT is estopped from disputing that the parties are diverse because it has already admitted that they are; indeed, it is affirmatively alleged as much in court.  Last year, ORT filed a third-party complaint against the Kelleys in this Court in connection with a consumer class action then pending against ORT, *McFerrin v. Old Republic Title, Ltd.*, Case No. 8-5309 BHS (W.D. Wash.) ("*McFerrin Action*").  This third-party complaint arose out of the same reconveyance services at issue in this new complaint.  (*See* Exh. G (ORT third-party complaint against the Kelleys).)  Among other things, the federal *McFerrin* class alleged that ORT was liable to the class for failing to refund reconveyance fees, and ORT filed a third-party complaint alleging that the fault – if any – was the Kelleys and demanding indemnification.  The underlying class complaint in the *McFerrin Action* against ORT was ultimately dismissed by stipulation, and in turn ORT's third-party complaint was dismissed against the Kelleys as well.  ORT's new state-court complaint against the Kelleys is based on the same contract and the same essential legal theory – namely, the Kelleys' alleged failure to comply with the reconveyance services contract – as its prior third-party complaint in the *McFerrin Action*.  It is in effect the same complaint, filed anew because the original underlying federal class action was dismissed.  Most important for these purposes, in filing its third-party complaint against the Kelleys in the *McFerrin Action*, ORT specifically alleged that this Court had subject matter jurisdiction over the dispute between ORT and the Kelleys under 28 U.S.C. § 1332(a)(1), the diversity statute.  (Exh. G, ¶ 5.)  In other words, ORT alleged that the parties were diverse.  As the district court in *Korn* noted in a similar diversity case:

> A statement in a complaint is a judicial admission.  *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).  'Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'  *Id.*  Plaintiff is

DEFS.' NOTICE OF REMOVAL -- 4

No.
M41444-1321573

GRAHAM & DUNN PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

bound by the allegations in his complaint that assert defendant's citizenship, for purposes of diversity jurisdiction . . . .

*Korn*, 536 F.Supp.2d at 1203. Similarly here, since ORT specifically alleged that the parties were diverse in its prior third-party complaint, it is now estopped from denying that the very same parties are diverse in this action as well.

### III.  CONCLUSION

11. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because this civil action is between citizens of different states and the amount in controversy exceeds $75,000.

WHEREFORE, Defendants respectfully remove the above-captioned action to this Honorable Court from the Superior Court of the State of Washington for King County

DATED this 6th day of January, 2010.

> GRAHAM & DUNN PC
>
> By /s/ Judy A. Endejan
>    Judy A. Endejan, WSBA# 11016
>    David C. Lundsgaard, WSBA #25448
> Pier 70 ~ 2801 Alaskan Way, Ste. 300
> Seattle, WA  98121-1128
> Tel:  (206) 624-8300
> Fax:  (206) 340-9599
> Email: jendejan@grahamdunn.com
>              dlundsgaard@grahamdunn.com

DEFS.' NOTICE OF REMOVAL -- 5

No.
M41444-1321573

GRAHAM & DUNN PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

# CERTIFICATE OF SERVICE

Darlyne De Mars, affirms and states:

That on this day, I caused to be served a true and correct copy of Defendants' Notice of Removal by the method indicated below, and addressed to each of the following:

| Scott A. Smith, WSBA 11975<br>Gavin W. Skok, WSBA 29766<br>Riddell Williams P.S.<br>1001 Fourth Avenue, Suite 4500<br>Seattle, WA 98154-1192<br>Tel: (206) 624-3600 | _____ U.S. Mail, Postage Prepaid<br> XX  Hand Delivered<br>_____ Overnight Mail<br>_____ Facsimile Transmission<br>_____ Electronically served via Court's website |
|---|---|

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 6th day of January, 2010, in Seattle, Washington.

/s/ Darlyne De Mars
Darlyne De Mars
Legal Assistant to Judith A. Endejan
and David C. Lundsgaard
GRAHAM & DUNN PC
2801 Alaskan Way ~ Suite 300
Seattle, WA 98121-1128
Tel: (206) 624-8300
Fax: (206) 340-9599
ddemars@grahamdunn.com

DEFS.' NOTICE OF REMOVAL -- 6

No.

M41444-1321573

**GRAHAM & DUNN** PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599