IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| OLD REPUBLIC TITLE, LTD., | NO. 09-2-44575-3 SEA |
| Plaintiff, | **COMPLAINT** |
| v. | |
| TROY X. KELLEY and DIANE DUFFRIN KELLEY, individually and as a marital community, | |
| Defendants. | |

Plaintiff Old Republic Title, Ltd. ("Old Republic Title") alleges for its Complaint as follows:

### I. PARTIES

1. Old Republic Title is a Delaware corporation. At all times relevant to the allegations herein, Old Republic Title conducted business in King County, Washington.

2. Defendants Troy X. Kelley and Diane Duffrin Kelley are a married couple who reside in Pierce County, Washington. At times relevant to this lawsuit, Troy X. Kelley (hereinafter "Kelley") was doing business in King County and elsewhere as "The Post Closing Department." All relevant acts and omissions of

COMPLAINT - 1
4842-3324-6212.07
121009/62131.00047

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Troy X. Kelley described herein were carried out on behalf of his marital community, and the obligations described herein are the community and separate obligations of Troy X. Kelley and Diane Duffrin Kelley.

## II. JURISDICTION AND VENUE

3. This court has jurisdiction and venue is proper in King County Superior Court pursuant to RCW 4.12.025.

## III. FACTUAL ALLEGATIONS

4. Among other lines of business, Old Republic Title provides escrow services for residential real estate transactions in Washington, including gathering and preparing documents, preparing settlement statements, collecting and disbursing loan funds and sale proceeds, and recording documents.

5. In Washington State, home buyers or owners who are refinancing typically grant deeds of trust to their lenders, which are used to secure purchase loans, refinance loans, or home equity lines of credit. By signing a deed of trust, the grantor/borrower "conveys" the property to the trustee to hold it in trust for the lender/beneficiary to secure payment of a loan. When the underlying loan is paid in full, such as through the sale of the property or the refinancing and payoff of a loan, the trustee transfers title back to the borrower. That process is called a "reconveyance."

6. Depending on the parties' escrow instructions, Old Republic Title often undertook to perform various reconveyance services in Washington State real estate transactions involving deeds of trust. Old Republic collected a reconveyance fee from escrow customers who retained and instructed Old Republic Title to perform such services.

COMPLAINT - 2
4842-3324-6212.07
121009/62131.00047

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Exhibit A - Notice of Removal p. 8

7. From time to time, Old Republic Title contracted with third-party vendors to provide reconveyance services for its Washington State customers in such transactions involving deeds of trust.

**The Post Closing Department**

8. Prior to 2006, Defendant Troy X. Kelley solicited Old Republic Title to hire his business, "The Post Closing Department," as a vendor to perform reconveyance services for Washington State transactions in King County and elsewhere in Washington involving reconveyances in which Old Republic Title acted as the escrow agent.

9. Kelley represented to Old Republic Title that "The Post Closing Department" was a legal entity doing business in Washington.

10. Kelley represented to Old Republic Title that, if hired, "The Post Closing Department" would:

    a. properly and fully perform such services;

    b. hold in trust and protect against loss any reconveyance fees collected by Old Republic Title from its customers and transferred to The Post Closing Department; and

    c. refund any excess reconveyance fees to the escrow customers upon completion of its services.

11. Kelley made the representations in the two preceding paragraphs both verbally and in writing.

12. "The Post Closing Department" was never a Washington corporation.

COMPLAINT - 3
4842-3324-6212.07
121009/62131.00047

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Exhibit A - Notice of Removal p. 9

13. Old Republic Title executed a contract effective June 1, 2006 ("PCD Agreement") in reliance on Kelley's representations. Exhibit A is a true and correct copy of the PCD Agreement.

14. Kelley signed the PCD Agreement as President of The Post Closing Department.

15. The PCD Agreement identified the business as being located at 2521 Fremont Street, Tacoma, Washington 98406. That address was and still is the home address of Defendants Kelley.

16. Troy X. Kelley d/b/a "The Post Closing Department" (hereafter "The Post Closing Department") agreed, among other things, in the PCD Agreement and elsewhere, to

   a. receive, track, and complete reconveyances for transactions in Washington where Old Republic Title acted as the escrow agent;
   b. to hold in trust and protect against loss any amounts collected by Old Republic Title from customers as reconveyance fees and transferred to The Post Closing Department;
   c. to refund unused portions of such reconveyance fees; and to provide certain information to Old Republic Title, including information regarding refunds to principals.

17. Old Republic Title used The Post Closing Department for reconveyance services for transactions in Washington from June 1, 2006, through June 2008. During that time, Old Republic Title collected a reconveyance fee at closing from its escrow customers whose transactions involved deeds of trust requiring reconveyance. Old Republic Title forwarded the entire amount of the reconveyance fee to The Post Closing Department by way of checks made payable to "PCD," "Post Closing Department," or "The Post Closing Department."

COMPLAINT - 4
4842-3324-6212.07
121009/62131.00047

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Exhibit A - Notice of Removal p. 10

18. From the reconveyance fee collected and transmitted to The Post Closing Department, The Post Closing Department was paid a $20.00 Service Fee for each reconveyance involved in the escrow transaction. The Post Closing Department was obligated to hold the remaining balance in trust for completion of the reconveyance and use it to pay any necessary costs incurred, such as a trustee fee or a fee to record the reconveyance document.

19. If, upon confirmation of a completed reconveyance, any such funds held in trust by The Post Closing Department had not been used, The Post Closing Department was obligated to refund the remaining balance to the Old Republic Title customer from whom the reconveyance fee had been collected by Old Republic Title at closing.

20. From time to time, The Post Closing Department refunded unused portions of reconveyance fees to Old Republic Title's customers. However, despite its obligations, The Post Closing Department failed to either refund to Old Republic Title's customers all unused portions of reconveyance fees or failed to return such unused fees to Old Republic Title. Nor did The Post Closing Department refund to Old Republic Title the $20.00 Service Fee in those transactions in which The Post Closing Department failed to fulfill its obligations.

21. Old Republic Title has also incurred legal fees and other costs as a consequence of The Post Closing Department's failure to fulfill its obligations.

22. On or about June 25, 2008, a fire burned down the Stewart Title building in Everett, Washington. Shortly thereafter, Old Republic Title spoke with Kelley. Notwithstanding prior correspondence and documents identifying The Post Closing Department's business as being located in Tacoma, Kelley told Old Republic Title that all of The Post Closing Department's records and operations had been located in the Stewart Title building in Everett. Kelley told Old Republic

COMPLAINT - 5

4842-3324-6212.07
121009/62131.00047

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Title that he was out of the country and had been at the time of the fire, and therefore had not been able to inspect the alleged loss, but that he understood all of The Post Closing Department's records related to its work for Old Republic Title had been destroyed in the Stewart Title building fire.

23. Shortly thereafter, Kelley told Old Republic Title that The Post Closing Department would be unable to continue to provide reconveyance services to Old Republic Title because of the fire. Despite requests that he do so, Kelley has not provided any electronic or hard copy records related to The Post Closing Department's work for Old Republic Title or any accounting with respect to its use, retention, and/or refund of reconveyance fees, claiming all such information was destroyed in the fire.

### United National LLC and United National 14 LLC

24. Kelley formed United National LLC, a Washington limited liability company, on August 2, 2002. Troy Kelley was United National LLC's registered agent and its sole member. United National LLC was dissolved on August 12, 2008.

25. Kelley formed United National 14 LLC, a Washington limited liability company, on May 11, 2004. Kelley was United National LLC's registered agent, its manager, and, on information and belief, its sole member. United National 14 LLC was dissolved on August 12, 2008.

26. At times, Kelley has taken the position that United National LLC, and not Kelley himself, was doing business as "The Post Closing Department" at all times during its work with Old Republic Title and that United National LLC was the party that entered the PCD Agreement and that had agreed to provide reconveyance services and make refunds.

COMPLAINT - 6
4842-3324-6212.07
121009/62131.00047

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Exhibit A - Notice of
Removal p. 12

27. On information and belief, Kelley used bank accounts held in the name of United National LLC or United National 14 LLC for the deposit and withdrawal of reconveyance fees received from Old Republic Title.

28. To the extent that Kelley takes the position that United National LLC or United National 14 LLC were the persons or entities obligated to provide reconveyance services to Old Republic Title and make refunds of unused amounts to its customers, whether under the PCD Agreement or otherwise, that position is inconsistent with the PCD Agreement, the parties' course of dealing, Old Republic Title's intent, and equity. Accordingly, to the extent that Kelley attempts to use a corporate veil to shield himself from personal liability, that veil should be pierced and liability should be imposed against Troy X. Kelley personally as well as against his marital community.

29. In the alternative, to the extent that one or both of United National LLC or United National 14 LLC were the persons or entities obligated to provide reconveyance services to Old Republic Title and to make refunds of unused amounts, they breached their obligations to do so.

### IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

30. Old Republic Title reincorporates the allegations in Paragraphs 1-29 as if fully set forth herein.

31. A valid agreement regarding the provision of various services existed between Old Republic Title and Troy X. Kelley d/b/a The Post Closing Department, as memorialized in the PCD Agreement and in other oral and written statements made at or around the time the PCD Agreement was executed, as alleged above.

32. Old Republic Title performed its obligations under that agreement.

COMPLAINT - 7
4842-3324-6212.07
121009/62131.00047

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Exhibit A - Notice of
Removal p. 13

33. Kelley materially breached that agreement by, among other things, failing to fulfill his obligation to refund all unused portions of reconveyance fees. Kelley has not returned those amounts to Old Republic Title or its customers and has not refunded to Old Republic Title any fees paid to him for services that Kelley failed to properly and fully perform.

34. Old Republic Title suffered damages as a consequence of Kelley's breaches of that agreement in an amount to be proven at trial.

### V. SECOND CAUSE OF ACTION: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW CH. 19.86

35. Old Republic Title reincorporates the allegations in Paragraphs 1-34 as if fully set forth herein.

36. As alleged above, Kelley engaged in unfair or deceptive acts or practices toward Old Republic Title, which acts occurred in the conduct of trade or commerce.

37. Kelley's unfair or deceptive acts or practices toward Old Republic Title impacted the public interest and have the capacity to injure or deceive a substantial portion of the public.

38. Kelley's unfair or deceptive acts or practices toward Old Republic Title directly and proximately caused injury to Old Republic Title in its business in an amount to be proven at trial.

### VI. THIRD CAUSE OF ACTION: PIERCING THE CORPORATE VEIL

39. Old Republic Title reincorporates the allegations in Paragraphs 1-38 as if fully set forth herein.

40. To the extent that Kelley establishes that Old Republic Title's agreement with The Post Closing Department to provide reconveyance services and make refunds to Old Republic Title's customers was actually with United

COMPLAINT - 8
4842-3324-6212.07
121009/62131.00047

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Exhibit A - Notice of
Removal p. 14

1  National LLC or United National 14 LLC, Old Republic Title alleges that during all
2  times relevant to this matter, United National LLC and United National 14 LLC
3  were the alter egos of Kelley, particularly with respect to those reconveyance
4  services and refunds at issue in this matter that create liability.

5      41.   Kelley, United National LLC, and United National 14 LLC operated a
6  common enterprise and operated through one location with a common set of
7  employees and equipment.

8      42.   Kelley failed to maintain United National LLC and United National 14
9  LLC as separate entities and used them in avoiding and violating duties owed to
10 Old Republic Title. Kelley also left United National LLC and United National 14
11 LLC without sufficient funds in order to avoid liability.

12     43.   Disregarding the corporate veil is necessary and required to prevent
13 an unjustified loss to Old Republic Title.

14     44.   The Court should allow Old Republic Title to "pierce the corporate
15 veil" and hold Troy X. Kelley and his marital community personally liable on all
16 claims asserted herein, including but not limited to holding him personally
17 responsible for all refunds owed in transactions referred to The Post Closing
18 Department for reconveyance services where such refunds were not made and for
19 Old Republic Title's other damages.

20 **VII. FOURTH CAUSE OF ACTION: LIABILITY FOR IMPROPER WINDING UP**

21     45.   Old Republic Title reincorporates the allegations in Paragraphs 1-44
22 as if fully set forth herein.

23     46.   Kelley dissolved or caused to be dissolved United National LLC and
24 United National 14 LLC on or about August 12, 2008.

COMPLAINT - 9
4842-3324-6212.07
121009/62131.00047

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

47.     To the extent that Kelley establishes that Old Republic Title's contract with The Post Closing Department to provide reconveyance services and make refunds of unused reconveyance fees was actually with United National LLC or United National 14 LLC, then in winding up those companies Kelley failed to pay or make reasonable provision to pay all claims and obligations, including all contingent, conditional, or unmatured claims and obligations, to Old Republic Title and to its customers whose reconveyances were to be handled by The Post Closing Department for reconveyance services, all of which were known to United National LLC and United National 14 LLC at the time of dissolution, all in violation of RCW 25.15.300(2).

48.     As a result, Troy X. Kelley (and his marital community) is personally liable, in an amount to be proven at trial, for any obligations of United National LLC or United National 14 LLC with respect to the actions or inactions alleged herein, including but not limited to responsibility for all refunds owed to Old Republic Title's customers in transactions referred to The Post Closing Department for reconveyance services where such refunds were not made and for Old Republic Title's other damages.

## VIII.  UNJUST ENRICHMENT

49.     Old Republic Title reincorporates the allegations in Paragraphs 1-48 as if fully set forth herein.

50.     As a result of the foregoing actions and failures to act, Defendants Kelley received benefits in the form of unused reconveyance fees that Kelley did not refund as he was obligated.

51.     Defendants were aware of the receipt of such benefits.

COMPLAINT - 10
4842-3324-6212.07
121009/62131.00047

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Exhibit A - Notice of
Removal p. 16

52. Defendants received and continue to retain such benefits to the detriment of Old Republic Title. It would be inequitable to allow Defendants to retain such benefits.

53. As a result of Defendants' unjust enrichment, Old Republic Title has sustained damages in an amount to be proven at trial and seeks full disgorgement and restitution of Defendants' enrichment and benefits acquired as a result of the actions or inactions alleged above.

## IX. REQUEST FOR RELIEF

Old Republic Title requests judgment against Defendants Troy X. Kelley and Diane Duffrin Kelley, individually and against their marital community, as follows:

1. For money damages in an amount to be proven at trial on all claims asserted in this Complaint;

2. For treble damages and attorney fees and costs under the Consumer Protection Act;

3. For an order piercing the corporate veil of United National LLC and United National 14 LLC and imposing personal liability on Defendants for the claims asserted in this Complaint;

4. For an order under RCW 25.15.300(2) imposing personal liability on Troy X. Kelley for any actions or inactions of United National LLC and United National 14 LLC that proximately caused damage to Old Republic Title or its customers, or gave rise to the claims asserted herein;

5. For an accounting of Kelley's handling and use of any reconveyance fee amounts forwarded to "The Post Closing Department" by Old Republic Title,

COMPLAINT - 11
4842-3324-6212.07
121009/62131.00047

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Exhibit A - Notice of Removal p. 17

1  including but not limited to any expenses paid with or refunds made of those
2  amounts;
3      6.    Restitution of all reconveyance fee amounts, including the service
4  fee, forwarded to "The Post Closing Department" and imposition of a constructive
5  trust over such amounts for the benefit of Old Republic Title and its customers;
6      7.    For an award of pre- and post-judgment interest;
7      8.    For an award of attorney fees and costs of suit; and
8      9.    For such other relief as may be appropriate, just and equitable.
9  DATED this 10th day of December, 2009.
10
11          RIDDELL WILLIAMS P.S.
12
13  By _____
    Scott A. Smith, WSBA No. 11975
14  Gavin W. Skok, WSBA No. 29766
    Attorneys for Plaintiff Old Republic Title,
15  Ltd.
16
17
18
19
20
21
22
23
24
25
26

COMPLAINT - 12
4842-3324-6212.07
121009/62131.00047

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600



## THE POST CLOSING DEPARTMENT
## AGREEMENT FOR POST CLOSING SERVICES

Client: Old Republic Title, Ltd. dba Old Republic Title and Escrow, Ltd. and Issaquah Escrow, Inc.

Description of Services:

The Post Closing Department (hereinafter known as PCD)

The PCD agrees to receive, track, prepare and obtain all reconveyances and satisfaction of mortgages from client's closed escrow and title files. PCD will follow-up in writing and on the telephone with outside trustees that have not recorded reconveyances within the time period mandated by state statutes. PCD agrees to assist client with all their post closing needs.

Client may begin to forward all "post closing documents" and phone calls concerning post closing to the post-closing desk/department. PCD will review all post closing documents for accuracy and correctness. If documents are incomplete or incorrect, PCD will correct and/or complete the document(s) within the parameters specified by client. "Post closing documents" shall mean by way of example but not limitation deed of full and partial reconveyances, releases of mortgages and instructions and/or transmittals executed by principals directing PCD to obtain such reconveyances and releases.

PCD shall complete all documents in a timely manner and in accordance with state statutes. And with the client's best interest in mind, PCD will always try to prepare and execute a substitution of trustee when said client is not listed as trustee on original recorded Deed of Trust. PCD shall also work diligently with lenders and trustees to facilitate the timely completion of reconveyances. PCD shall comply with all state statues concerning post-closing material. PCD under no circumstances shall be required to bring legal action against any parties of interest.

Previous Services: Follow-up

If client has had a previous reconveyance service or outside vendor offering post-closing services, PCD shall audit previous years tracking and processing. If in the event PCD recovers money owed to client, client agrees to pay PCD 10% of recovered funds.

Optional: Initial here for service_____

PCD Privacy Notice

PCD agrees that it shall not collect, disseminate or release any information derived from client's escrow files and/or provided to its company or its employees to any third party or use said information for any marketing or other purpose unless in direct relationship to providing client with a completed reconveyance. PCD shall hold all information obtained from client in the strictest confidentiality and agrees to shred any documents collected or received from client's escrow files within one year of the completion of the reconveyances related to such files.



EXHIBIT A

Start Date: June 1, 2006

Fees are as follows:

$20.00 post closing tracking fee per item,
    fee includes management of funds due trustees & client refunds

$5.00 reconveyance preparation (trustee only) where Old Republic Title instructs PCD to prepare trustee file where Old Republic Title is trustee   Initial here for service_____

Payment Terms:

Client shall collect post-closing fee at closing and forward check to PCD. PCD will provide client with a monthly report of services.

This agreement shall be in effect for six months and shall renew automatically. Client can however, with 30 days written notice, discontinue agreement at anytime. Upon the effective cancellation date, PCD will cease to receive reconveyance packages from client but will retain all files received up to cancellation date and will continue to provide full service on such files until it is determined that all reconveyances have been completed. If after discontinuing service client would like assistance from The Post Closing Department to continue the tracking and processing methods and procedures put in place by The Post Closing Department, client may request consultation.

Additional Terms and Conditions: __

- PCD shall provide client with monthly progress reports of reconveyance activity on each of client's files being tracked as well as an accounting on all funds received from client that have been disbursed and/or refunded to principals.

Old Republic Title, Ltd.

By: _____     5/8/06
Carleton R. Lago                Date
Senior Vice President and Secretary
2001 North Main Street, Suite 500
Walnut Creek, CA 94596
Phone: 800-325-7711
Fax: 925-938-0404

The Post Closing Department

By: _____     5-4-06
Troy X. Kelley                 Date
President
2521 Fremont Street
Tacoma, WA 98406
Phone: 888-210-2607 / Fax: 888-210-2613
Email: tkelley@propertyclose.com