1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

OLD REPUBLIC TITLE, LTD.,

11

Plaintiff,

12

v.

13

TROY X. KELLEY, et al.,

14

Defendants.

CASE NO. C10-0038JLR

ORDER ON MOTIONS TO SEAL,
MOTIONS FOR PROTECTIVE
ORDERS, AND MOTION TO
STAY

15

## I.   INTRODUCTION

16

Before the court are six motions: (1) Defendants Troy X. Kelley and Diane

17

Duffrin Kelley's ("the Kelleys") motion to dismiss pursuant to Rule 12(c) of the Federal

18

Rules of Civil Procedure (Dkt. # 16); (2) the Kelleys' motion for a protective order

19

regarding the testimony of Ms. Kelley (Dkt. # 17); (3) the Kelleys' motion to quash

20

subpoena served on Merideth H. O' Sullivan Jerue (Dkt. # 21); (4) Plaintiff Old Republic

21

Title Ltd.'s ("ORT") two motions to seal documents (Dkt. ## 24, 34); and (5) the

22

Kelleys' motion to stay discovery (Dkt. # 47).  Having reviewed the papers filed in

1  support and in opposition of the motions, the court RESERVES ruling on the motion to

2  dismiss until after the hearing on October 18, 2010 at 2:00 p.m. (Dkt. # 16); DENIES the

3  Kelleys' motion for a protective order regarding the testimony of Ms. Kelley (Dkt. # 17);

4  DENIES the Kelleys' motion to quash subpoena served on Merideth H. O' Sullivan Jerue

5  (Dkt. # 21); and GRANTS the Kelleys' motion to stay discovery (Dkt. # 47).  The court

6  GRANTS in part and DENIES in part ORT's motions to seal (Dkt. ## 24, 34).  The clerk

7  is directed to unseal Dkt. ## 27, 28, 37, 38.

8  ## II.    BACKGROUND

9      ORT provides escrow services for residential real estate transactions in

10  Washington, including gathering and preparing documents such as settlement statements,

11  collecting and disbursing loan funds and sale proceeds, and recording documents.

12  (Compl. (Dkt. # 1) ¶ 4.)  In Washington, homeowners who are buying or refinancing their

13  homes generally grant a deed of trust to their lender, which is used to secure the purchase

14  or refinance of the home.  (*Id.* ¶ 5.)  Once the loan is paid in full, the trustee transfers title

15  back to the borrower.  (*Id.*)  This process is called a "reconveyance."  (*Id.*)  ORT collects

16  a reconveyance fee from its escrow customers to cover the costs of this process.  ORT

17  often contracts with third-party vendors to provide reconveyance services for its

18  customers.  (*Id.* ¶ 7.)

19      On May 2006, ORT entered into a contract with a third-party vendor, "The Post

20  Closing Department" ("PCD"), which was owned and operated by Mr. Kelley.  (*Id.*, Ex.

21  A.)  The contract evidenced an agreement between ORT and PCD whereby PCD agreed

22  to "receive, track, prepare and obtain all reconveyances and satisfaction of mortgages

from [ORT's] closed escrow and title files." (*Id.*)  PCD also agreed to assist ORT with all of its "post closing needs."  (*Id.*)  ORT alleges that the contract also provided that PCD was to refund to its escrow customers any unused reconveyance fees.  (*Id.* ¶ 16.) ORT contends that PCD failed to refund the unused reconveyance fees to either ORT or its escrow customers.  ORT brought this action against the Kelleys for (1) breach of contract; (2) violation of the Washington Consumer Protection Act, RCW § 19.86 *et seq.*; (3) piercing the corporate veil; (4) liability for improper winding up; and (5) unjust enrichment.

### III.   ANALYSIS

**A.   Motion For Protective Order and Motion to Quash**

The Kelleys request a protective order preventing ORT from taking the deposition of Ms. Kelley, a defendant in this case.  The Kelleys contend that Ms. Kelley's deposition is unnecessary and is being pursued "solely to harass the Kelleys."  (Mot. (Dkt. # 17) at 1.)  The Kelleys contend that Ms. Kelley has no discoverable information because she never owned any part of PCD nor was she involved in or had knowledge of its operations.  (*Id.*)  ORT responds that Ms. Kelley was an employee and director of United National, LLC ("United National") which was the company by which Mr. Kelley operated PCD.  (*Id.* at 1 (the Kelleys acknowledge that United National is a d/b/a for PCD).)  It also appears from the record that Ms. Kelley was the President of Attorney Trustee Services ("ATS"), which is an entity that co-owns United National.  (Smith Decl. (Dkt. # 28) at 5.)  Finally, ORT claims that Ms. Kelley was involved in an attempt to "hide assets" from PCD by transferring them to an account in Belize.  (*Id.* at 6.)

1    The Kelleys also move to quash the subpoena served on Ms. Jerue, a former

2    employee of PCD.  The Kelleys take the position that because she was only a "nominal"

3    employee of PCD over a two-year period, she has no relevant information.  (Mot. (Dkt. #

4    21) at 2.)  ORT offers evidence, however, suggesting that (1) Ms. Jerue began working

5    for PCD in July 2006 and worked there during the relevant time period; (2) she was the

6    highest paid PCD employee in Washington; and (3) in her last full quarter working for

7    PCD she worked more hours, had the highest rate of pay, and received more

8    compensation than any other employee.  (Smith Decl. ¶ 4.)

9    Federal Rule of Civil Procedure 26(b)(1) sets the parameters for the court's

10   determination of discoverable information:

> Parties may obtain discovery regarding any nonprivileged matter that is
> relevant to any party's claim or defense — including the existence,
> description, nature, custody, condition, and location of any documents or
> other tangible things and the identity and location of persons who know of
> any discoverable matter.  For good cause, the court may order discovery of
> any matter relevant to the subject matter involved in the action.  Relevant
> information need not be admissible at the trial if the discovery appears
> reasonably calculated to lead to the discovery of admissible evidence.

The court is satisfied that ORT has exceeded its burden in showing that the testimony of

Ms. Kelley and Ms. Jerue is relevant to this lawsuit.  The court therefore DENIES the

Kelleys' motions to protect this evidence from disclosure (Dkt. ## 17, 21).

**B.    Motions to Seal**

ORT filed two motions to seal documents marked confidential by the Kelleys.

ORT filed its opposition to the Kelleys' motion for protective order regarding Ms.

Kelley's deposition in both a redacted version (Dkt. # 25) and a sealed unredacted

1   version (Dkt. # 27).  ORT also filed the Smith Declaration in the same manner: a redacted

2   version (Dkt. # 26) and a sealed partially redacted[1] version (Dkt. # 28).  ORT was not the

3   proponent of the motion to seal and takes the position that the information is not

4   confidential.  The Kelleys filed a motion in support of the redacted versions of the

5   document arguing that the redactions are necessary to keep financial bank account

6   information and tax return information confidential.  (Resp. (Dkt. # 42) at 2.)

7        The information redacted, however, does not relate to confidential financial or tax

8   information.  For example, the first requested redaction is the statement that Diane Kelley

9   "is an officer, director and/or employee of either The Post Closing Department (PCD) or

10   the affiliated companies that she and her husband own.  She participated in opening new

11   accounts to receive money wired out of state that Troy Kelley is alleged to have

12   misappropriated."  (Opp'n to Mot. for Protective Oder – Sealed (Dkt. # 27) at 1.)  The

13   next redaction that the Kelleys claim is confidential "financial bank account information"

14   is a sentence in the motion stating that Ms. Kelley has information about "the use of

15   PCD's business accounts to pay some of the Kelleys' personal expenses."  (*Id.*)  These

16   statements by ORT do not qualify as confidential financial bank account information

17   under even the lower standard set forth in Local Rule 5(g) for nondispositive motions.

18   *See* Local Rule W.D. Wash. CR 5(g).  Accordingly, the court denies the motion as to

19

20

---

21      [1] The sealed version of the Smith Declaration was filed with the redactions required by
the Local Rules of this court, as discussed below.  Redactions not required by Local Rule, but

22   claimed to be confidential by the Kelleys, were omitted from the sealed version of the Smith
Declaration.

1   ORT's opposition to the Kelleys' motion for protective order regarding Ms. Kelley's

2   deposition and orders the clerk to unseal the unredacted version found at Dkt. # 27.

3          The Smith Declaration and attachments do include information that must be

4   redacted pursuant to Local Rule 5.2(a) to remove personal data identifiers from all

5   documents filed with the court, such as dates of birth, names of minor children, social

6   security numbers and taxpayer-identification numbers, financial accounting information

7   and passport numbers and driver license numbers.  W.D. Wash. Local Rule CR 5.2(a).

8   ORT redacted this information from both the redacted version of the Smith Declaration

9   (Dkt. # 26) and the sealed partially redacted version (Dkt. # 28).  The court does not find

10  that the Kelleys have met their burden for redacting any additional text on the basis that it

11  contains "financial bank account information" or "tax return information."  Accordingly,

12  the court orders the clerk to unseal the partially redacted version of the Smith Declaration

13  found at Dkt. # 28.

14         ORT also moves to seal its opposition to the Kelleys' motion to quash the

15  deposition of Meredith H. O'Sullivan Jerue and the supporting Smith Declaration.  As

16  with the motion to seal discussed above, ORT filed a redacted version of its opposition

17  (Dkt. # 35) and the supporting Smith Declaration (Dkt. # 36), together with sealed

18  unredacted versions (Dkt. ## 37, 38).  ORT was not the proponent of sealing the

19  information and does not offer any argument in support of sealing.  The Kelleys respond

20  with a request that the court seal Exhibits 1 and 2 of the Smith Declaration.  (Resp. (Dkt.

21  # 44) at 2.)  Exhibit 1 contains copies of W-2's produced by PCD's payroll service

22  company in response to a subpoena and Exhibit 2 is a Quarterly Wage Detail Report for

1    United National's first quarter of 2008.  As with the prior Smith Declaration, ORT

2    redacted all personal data identifiers from both versions and the Kelleys have not met

3    their burden of showing that the remaining information is confidential.  Accordingly, the

4    court orders the clerk to unseal Dkt. ## 37 and 38.

5    **C.    Motion to Stay**

6         The Kelleys move to stay this case pending the court's ruling on their motion to

7    dismiss (Dkt. # 16) and Mr. Kelley's November 2, 2010 election.  (Mot. to Stay (Dkt. #

8    47) at 1-2 ("Defendant Troy Kelley is sprinting to the finish in his campaign to be re-

9    elected as a member of the Washington State House of Representatives.  He is spending

10   twelve hours per day, seven days per week in this endeavor – virtually every waking

11   moment of his life outside his official duties.").)

12        A motion to dismiss is not grounds for staying discovery.  *See Gray v. First*

13   *Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  In *Gray*, the court stated:

14        The intention of a party to move for judgment on the pleadings is not
          ordinarily sufficient to justify a stay of discovery.   4 J. Moore, Federal
15        Practice § 26.70[2], at 461.   Had the Federal Rules contemplated that a
          motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery,
16        the Rules would contain a provision to that effect.   In fact, such a notion is
          directly at odds with the need for expeditious resolution of litigation. Under
17        Rule 33, for instance, interrogatories may be served at the same time as the
          summons and complaint.   Since motions to dismiss are a frequent part of
18        federal practice, this provision only makes sense if discovery is not to be
          stayed pending resolution of such motions.

19
     *Id.*  The court also does not find that a political campaign is good cause for a stay of
20
     discovery.  Nevertheless, because the election is November 2, 2010 and discovery does
21
     not close in this case until January 24, 2011, the court finds that a short stay until
22

1    November 2, 2010 is reasonable.  Accordingly, the court GRANTS the motion to stay

2    (Dkt. # 47) and orders discovery stayed from October 13, 2010 until November 2, 2010.

3    This does not include discovery directed to third-parties.

4                                    **IV.    CONCLUSION**

5            For the reasons stated above the court RESERVES ruling on the motion to dismiss

6    pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. # 16) until after the

7    hearing on October 18, 2010 at 2:00 p.m. (Dkt. # 16); DENIES the Kelleys' motion for a

8    protective order regarding the testimony of Ms. Kelley (Dkt. # 17); DENIES the Kelleys'

9    motion to quash subpoena served on Merideth H. O' Sullivan Jerue (Dkt. # 21);

10   GRANTS the Kelleys' motion to stay discovery (Dkt. # 47) and stays discovery until

11   after the November 2, 2010 elections; and DENIES ORT's motions to seal (Dkt. ## 24,

12   34).  The clerk is directed to unseal Dkt. ## 27, 28, 37, 38.

13           Dated this 13th day of October, 2010.

14

15

16   _____

17   JAMES L. ROBART
     United States District Judge

18

19

20

21

22

ORDER- 8