UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLD REPUBLIC TITLE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> TROY X. KELLEY, et al., <br><br> Defendants. | CASE NO. C10-0038JLR <br><br> ORDER DENYING MOTION TO DISMISS |

## I. INTRODUCTION

Before the court is Defendants Troy X. Kelley and Diane Duffrin Kelley's ("the Kelleys") motion to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. # 16). Having reviewed the papers filed in support and in opposition of the motions, and heard the argument of counsel, the court DENIES the motion (Dkt. # 16).

ORDER- 1

## II. BACKGROUND

Plaintiff Old Republic Title, Ltd. ("ORT") provides escrow services for residential real estate transactions in Washington, including gathering and preparing documents such as settlement statements, collecting and disbursing loan funds and sale proceeds, and recording documents. (Compl. (Dkt. # 1) ¶ 4.) The parties agree that ORT is just a trade name for United National, LLC ("United National").[1] (Mot. at 3.)

In Washington, homeowners who are buying or refinancing their homes generally grant a deed of trust to their lender; the deed is used to secure the purchase or refinance of the home. (*Id.* ¶ 5.) By signing the deed of trust the borrower conveys the property to the trustee to hold it in trust for the lender to secure payment of a loan. (*Id.*) Once the loan is paid in full, the trustee transfers title back to the borrower. (*Id.*) This process is called a "reconveyance." (*Id.*) At the time of closing on the loan, ORT collects a reconveyance fee from its escrow customers to cover the costs of the reconveyance. ORT often contracts with third-party vendors to provide reconveyance services for its customers. (*Id.* ¶ 7.)

In June 2006, ORT entered into a contract with a third-party vendor, The Post Closing Department ("PCD"), which was owned and operated by Mr. Kelley. (*Id.*, Ex.

---

[1] ORT alleges, however, that Mr. Kelley told ORT that PCD was a legal business entity in Washington at the time they entered into the contract. (Compl. ¶ 9.)

ORDER- 2

A.[2]) The contract evidenced an agreement between ORT and PCD whereby PCD agreed to "receive, track, prepare and obtain all reconveyances and satisfaction of mortgages from [ORT's] closed escrow and title files." (*Id.*) PCD also agreed to assist ORT with all of its "post closing needs." (*Id.*) ORT also alleges that PCD, through Mr. Kelley, promised that it "would hold in trust and protect against loss any reconveyance fees collected by ORT" and "refund to ORT's escrow customers any unused reconveyance fees." (*Id.* ¶ 16.) Pursuant to the contract, PCD was paid a $20.00 service fee for each reconveyance it performed for ORT. (*Id.*, Ex. A.) PCD was then obligated to hold the remaining balance of the reconveyance fee in trust until the loan was paid in full. (*Id.* ¶ 18.) Once the loan was paid and the reconveyance was complete, PCD was supposed to refund the unused portion of the fee collected by ORT to the escrow customer. (*Id.*)

ORT used PCD for reconveyance services from June 2006 until June 2008, when ORT was sued in a putative class action by escrow customers who had not received their unused reconveyance fees from PCD.[3] (*Id.* ¶ 17; *see McFerrin v. Old Republic Title, Ltd.*, No. C08-5309BHS (W.D. Wash. July 9, 2009).) Although the putative class action was eventually dismissed against ORT, ORT contends that it learned for the first time that throughout the contract period, PCD had failed to refund the unused reconveyance

---

[2] When reviewing a motion for judgment on the pleadings the court may consider documents that were either attached to the complaint or on which the complaint necessarily relies. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In considering the instant motion, the court has looked to the contract entered into by the parties that was attached as exhibit A to the complaint.

[3] Also in June 2008, the facility that housed PCD's business records was destroyed in a fire and PCD closed its business. (Compl. ¶¶ 22-23.)

ORDER- 3

fees to either ORT or its escrow customers. (*Id.* ¶ 20.) ORT thereafter brought this lawsuit against the Kelleys pursuant to a piercing the corporate veil theory. ORT claims that the Kelleys should have refunded the unused portion of the reconveyance fee as well as the $20.00 service fee in "those transactions in which [PCD] failed to fulfill its obligations." (*Id.*) ORT also seeks damages from the Kelleys to cover legal fees and other costs it incurred as a consequence of PCD's failure to fulfill its obligations. (*Id.* ¶ 21.)

ORT asserts five causes of action against the Kelleys: (1) breach of contract; (2) violation of the Washington Consumer Protection Act ("CPA"), RCW § 19.86 *et seq.*; (3) piercing the corporate veil; (4) liability for improper winding up; and (5) unjust enrichment. The Kelleys move for judgment on the pleadings because (1) ORT failed to join a necessary party, namely, the escrow customers; (2) the complaint is against the Kelleys but the contract at issue was between ORT and PCD; and (3) the complaint fails to allege the elements necessary to support a claim for piercing the corporate veil and improper winding up.

### III.  ANALYSIS

**A.  Motion to Dismiss**

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the district court must "accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)). The Rule 12(c) standard is the same as the Rule 12(b) standard. *McGlinchy v.*

1 *Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *see Corder v. Lewis Palmer Sch. Dist. No. 38,* 566 F.3d 1219, 1223-24 (10th Cir. 2009) (applying *Twombly-Iqbal* standard set forth below on Rule 12(c) motion); *Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009) (same).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  It is not enough for a complaint to "plead[ ] facts that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Although a court considering a motion to dismiss must accept all of the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation.  *Id.* at 1949-50 (citing *Twombly*, 550 U.S. at 556).  In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

ORDER- 5

**B.     Failure to Join Necessary Party**

The Kelleys argue that the absent escrow customers are necessary parties because complete relief cannot be granted in their absence. (Reply (Dkt. #41) at 8.) The Kelleys' argument is based on general allegations in the complaint regarding monies owed the escrow customers and ORT's request in its prayer for relief that the court order a full accounting of Mr. Kelley's handling of the reconveyance fees and a constructive trust on any refunds that should have been paid out. (Compl. at 11-12.) ORT responds that the allegations in the complaint do not support an argument that relief cannot be granted without the escrow customers. (Resp. (Dkt. # 32) at 20.) The escrow customers were not parties to the contract between ORT and PCD; nor are the customers needed to determine whether Mr. Kelley's actions violated the CPA. (*Id.*) ORT essentially contends that the Kelleys, doing business as PCD, harmed ORT by (1) failing to perform services PCD was paid to perform and (2) by subjecting it to a lawsuit and negative publicity by failing to refund unused reconveyance fees to either ORT or its escrow customers. (*See generally* Compl.) The court does not find that the escrow customers must be joined before this dispute can be adjudicated.

Determining whether a party is necessary and indispensable under Rule 19(a) involves a three-step inquiry. Fed. R. Civ. P. 19(a); *see also Equal Employment Opportunity Comm'n v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). Under Rule 19(a), the court first determines whether a party is "necessary." *Id.* If the court finds that the absent party is a necessary party, the court next determines whether the joinder of the absent party is feasible. *Id.* Finally, if joinder of a necessary party is not

feasible, the court determines whether the absent party is "indispensable" such that the court must dismiss the action. *Id.* Here, the court cannot find that the joinder of escrow customers who were not fully refunded their reconveyance fees is necessary to the determination of this lawsuit. ORT does not ask for a refund of all the unused reconveyance fees. While ORT does request an accounting and that any refund due the escrow customers be held in a constructive trust, this remedy does not require the participation of the escrow customers, who may file their own lawsuit against the Kelleys and PCD. The only monetary relief ORT claims an entitlement to in its complaint, other than reimbursement for legal fees and costs, is a return of the $20.00 service fee paid to PCD for conducting the reconveyances.[4] Accordingly, the court denies the Kelleys' motion for judgment on the pleadings based on the failure to join a necessary party.

**C.      Sued the Wrong Party**

The Kelleys move to dismiss the breach of contract, CPA, and unjust enrichment claims because ORT sued the wrong party; they claim that ORT should have sued PCD, the business entity that entered into the contract with ORT. (Mot. at 14.) ORT responds that, taking the allegations in the complaint as true, Mr. Kelley was doing business as PCD when he entered into an agreement, both orally and in writing, to provide reconveyance services to ORT. (Resp. at 12.) Mr. Kelley signed the agreement as the

---

[4] At the hearing on this motion, counsel for ORT represented to the court that it would seek as damages the amount of the unpaid refunds that were due its escrow customers and that it intended to return the money to their customers. Whether this is an appropriate measure of damages pursuant to the parties' contract or whether a constructive trust is necessary to effectuate the return of the monies is a question that the court can determine after liability, if any, is determined.

ORDER- 7

President of PCD and, despite Mr. Kelley's representations that PCD was a legal entity in Washington, ORT alleges that there is no such entity authorized to do business in Washington. (Compl. ¶¶ 11-12.) Thus, it is ORT's position that PCD did not exist and that, because Mr. Kelley was operating PCD as a sole proprietor, he is therefore personally liable. (Resp. at 12 (citing *Dolby v. Worthy*, 173 P.3d 946, 947 (2007)).) Moreover, the determination of whether the Kelleys are individually liable requires an analysis of documents outside the pleadings. That is, whether the court should pierce the corporate veil and hold the Kelleys personally liable for the breach of contract, CPA and unjust enrichment claims requires a factual analysis that is not appropriate in determining the disposition of this motion.

**D.     Piercing the Corporate Veil and Winding Up Theories**

The Kelleys argue that the piercing the corporate veil theory and the winding up theory should be dismissed because (1) with respect to the former theory, ORT has not included any allegations of fraud, misrepresentation, or corporate manipulation; and (2) with respect to the latter theory, ORT failed to allege that the Kelleys were aware of a pending lawsuit at the time they wound up PCD. The court begins with the piercing the corporate veil claim.

To pierce the corporate veil and reach the Kelleys, ORT must demonstrate that the corporate form was used to violate or evade a duty, and that the corporate form must be disregarded to prevent loss to an innocent party. *Wash. Water Jet Workers Ass'n v. Yarbrough*, 90 P.3d 42, 58 (Wash. 2004) (citing *Meisel v. M & N Modern Hydraulic Press Co.*, 645 P.2d 689, 692 (Wash. 1982)). Here, ORT alleges that the Kelleys used

ORDER- 8

PCD as their alter ego in order to misappropriate refund money while avoiding personal liability. (Compl. ¶¶ 40-42.)  The complaint also alleges that the Kelleys represented to ORT that PCD was a legal entity in Washington, when it was not. (*Id.*)  Finally, the complaint alleges that the Kelleys formed PCD and left it without sufficient funds in order to avoid liability. (*Id.*)  Accordingly, ORT contends that the corporate veil must be pierced to prevent a loss to it as the innocent party.  These are sufficient allegations to withstand a motion for judgment on the pleadings, whether these allegations are true is not for the court to determine at this stage in the litigation.

      ORT's theory with respect to its improper winding up claim is based on PCD and United National's failure to pay or make reasonable provisions to pay claims to ORT and its escrow customers whose unused reconveyance fees had not been refunded by PCD at the time these companies were dissolved. (Compl. ¶ 47 (citing RCW 25.15.300(2) (stating that a limited liability company that has dissolved must make reasonable provisions to pay all claims – including contingent claims – that are known to the company)).)  The Kelleys contend that the complaint does not allege that they knew of the *McFerrin* class action at the time they wound up both PCD and United National.  The complaint alleges that Mr. Kelley dissolved United National in August 2008 and that United National's potential liability for failing to pay refunds was known to it at the time of dissolution. (Compl. ¶¶ 46-47.)  While ORT could have formed its allegations regarding company knowledge in a clearer manner, the court recognizes that the corporate structure of the two entities, both of which were run out of the Kelleys' home, together with the common ownership by Mr. Kelley, hinders ORT's ability to allege with

ORDER- 9

1 specificity which company and/or person knew what at the time of dissolution. For
2 purposes of the *Twombly-Iqbal* standard, the court finds that the allegations in the
3 complaint are sufficiently pleaded to allow a reasonable inference that the Kelleys are
4 liable for the misconduct alleged. Whether the facts will support the claims alleged by
5 ORT is not for this court to determine on the motion before it.

## IV. CONCLUSION

For the reasons stated above the court DENIES the motion to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. # 16).

Dated this 22nd day of October, 2010.

JAMES L. ROBART
United States District Judge

ORDER- 10