Hon. Judge James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLD REPUBLIC TITLE, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> TROY X. KELLEY and DIANE DUFFRIN KELLEY, individually and as a marital community, <br><br> Defendants. | No. 2:10-cv-00038-JLR <br><br> DECLARATION OF ERIN TOLL IN OPPOSITION TO ORT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

I, Erin Toll, declare as follows:

1. I have been retained as an expert in certain real estate industry practices for Troy and Diane Kelley in this matter.

2. I have been involved in the real estate and title business, as a regulator and as a businessperson, for approximately 13 years. A true and correct copy of my resume is attached to this declaration as Exhibit A. (As I noted in my deposition, in addition to the professional positions relating to the real estate and title business identified on my resume, before law school I worked as a title searcher.)

DECLARATION OF ERIN TOLL IN
OPPOSITION TO ORT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT -- 1
No. 2:10-cv-00038-JLR
j:\c16517\m41754~1\Toll Decl.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

3.      I served as a regulator of such issues for approximately thirteen years, including three years as an Assistant Attorney General for the Colorado Attorney General specializing in title insurance matters, six years as Colorado's Deputy Commissioner of Colorado Division of Insurance (and its Director of Compliance from 2000 through 2003), and four years as the Director of the Colorado Division of Real Estate.

4.      As the Colorado Deputy Commissioner of Insurance, I was charged with enforcing Colorado's insurance statutes and regulations, including those applicable to title insurance companies. I drafted new Colorado regulations governing title insurance companies, and I also uncovered a complex title insurance scam involving captive title reinsurance that led to over $45 million in restitution to title insurance consumers nationwide.

5.      As the Director of Colorado's Division of Real Estate, I directed Colorado's regulatory oversight of real estate appraisers and brokers, mortgage brokers, and developers, and conducted investigations into the real estate practices that contributed to Colorado's elevated foreclosure rate.

6.      In April 2006, I testified before a Congressional subcommittee (the House Financial Services Subcommittee on Housing and Community Opportunity) regarding investigations of the title insurance relating to residential real estate transactions.

7.      In the course of my work as a regulator, I came in frequent contact with members of the title industry and became familiar with many of their business practices, including those business practices relating to escrow functions such as the collection of settlement and closing fees. As the Court may be aware, while a title insurance company is not exactly the same thing as an escrow company, many title insurers—such as Old Republic—also provide escrow services in connection with residential real estate transactions. The regulation of the "title insurance industry" therefore often overlaps closely with the regulation of escrow services.

DECLARATION OF ERIN TOLL IN
OPPOSITION TO ORT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT -- 2
No. 2:10-cv-00038-JLR
j:\c16517\m41754~1\Toll Decl.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

8. My particular focus as a regulator reviewing and investigating the title industry was and has been on how those practices affect consumers.

9. In the course of my work as a regulator, I also came into regular contact with other industry regulators around the country. From 2005 to late 2006 I was the Co-Chair of the National Association of Insurance Commissioners Title Insurance Working Group. In that capacity, I worked closely with regulators in numerous jurisdictions around the country and became familiar with the regulatory issues they faced with respect to the business practices of title insurance companies, including as respects their concerns about fees charged during the closing process.

10. From 2005 to late 2006, I was also Chair of the NAIC Class Action Litigation Working Group. In that capacity, I worked closely with regulators in numerous jurisdictions around the country and became familiar with the types of issues that were being posed in class action lawsuits concerning the title industry, including particularly consumer issues.

11. Since leaving my position as Director of the Colorado Division of Real Estate, I have been engaged in private practice as a real estate broker and agent. In that capacity, I have had the opportunity to directly witness the charging of reconveyance fees to escrow consumers and observe whether they have been refunded or not by the charging entities.

12. One of my tasks in this case was to evaluate and describe certain standards, usages, customs, and practices in real estate transactions with respect to reconveyance post closing services. I prepared an expert report dated December 23, 2010, in which my expert opinions and the bases for the same are more fully described.

13. In preparing my report, I relied on my years of service as a regulator and my experience in private industry. I also reviewed extensive documentation relating to this case. Attached to this declaration as Exhibit B is a true and correct copy of a list of the documents I reviewed.

DECLARATION OF ERIN TOLL IN
OPPOSITION TO ORT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT -- 3
No. 2:10-cv-00038-JLR
j:\c16517\m41754~1\Toll Decl.doc

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

Based on my years of experience and my review of documents in this case, I have the following opinions:[1]

14. Reconveyance post closing services were commonly understood in the industry to include monitoring and tracking the clearing of the property title, receiving and obtaining relevant title files and paperwork necessary from escrow companies and third parties to ensure the proper release[2] of deeds of trust, and preparation of necessary documents to show clear title, a repaid loan, recorded reconveyance, and restored title. Some title and escrow companies performed these reconveyance post closing services "in house," but others contracted out these services to third party vendors such as PCD.

15. The specific fees for performing these services varied from company to company. If the party performed the tracking and other related services, their fee was earned and refunds were not given. It was not industry practice for third-party vendors (or title or escrow companies performing the work "in house") to provide refunds of reconveyance fees to consumers. I am not aware of any company, whether a title or escrow company that performed reconveyance post-closing services "in house" or third-party vendors to whom the work was contracted out, that regularly or even commonly provided such refunds to consumers if in fact reconveyance post closing services were provided.

16. I have reviewed the Complaint in this action and agreement between Old Republic and PCD for post closing services to be performed by PCD. I have also reviewed the Motion for Partial Summary Judgment filed by Old Republic in which Old Republic seeks a declaration that, under the parties' agreement, PCD was to receive a flat $20 fee of per reconveyance, regardless of how much work was done by PCD.

---

[1] This is not an exhaustive list of my opinions.

[2] Although my report is not being submitted in full in support of this declaration, I note that there is a typographical error in my report relating to this portion of my opinion. Paragraph 2 of the report states "deed of trust was recorded," when it should have stated "deed of trust was released."

DECLARATION OF ERIN TOLL IN
OPPOSITION TO ORT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT -- 4
No. 2:10-cv-00038-JLR
j:\c16517\m41754~1\Toll Decl.doc

**GRAHAM & DUNN** pc
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

17. Old Republic's position is that PCD was obligated to provide refunds of collected reconveyance fees except to the extent that those fees were used for a nominal $20 service charge, a trustee fee, and/or a recording fee. Based on this theory, Old Republic argues that PCD should have been providing refunds in most cases.

18. Without stating a conclusion on the legal interpretation of the PCD-Old Republic contract, I can state that in my opinion and experience the provision of such refunds in most cases was not industry practice. The practice of not refunding portions of the reconveyance and tracking and services fee is standard practice in the industry and a practice of which title and escrow companies are aware. As of 2007, there were only five major title insurers in the United States (First American, Fidelity, LandAmerica, Stewart, and Old Republic).[3] Old Republic, as one of only five such insurers, would have known of such industry practices.

19. If there was a consumer protection issue associated with the handling of reconveyance fees in the 2005-2008 time period, e.g., refunds were owing to consumers but not being made, I would have expected to see *some* evidence of that in my capacity either as a regulator, as Co-Chair of the NAIC Title Insurance Working Group or as Chair of the NAIC Class Action Litigation Working Group, but I did not. This confirms for me the lack of an industry expectation or practice that such refunds would be made.

*I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.*

EXECUTED this 11th day of February, 2011.

By _____
Erin Toll

---

[3] Today there are only four as a result of LandAmerica's acquisition by Fidelity.

DECLARATION OF ERIN TOLL IN
OPPOSITION TO ORT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT -- 5
No. 2:10-cv-00038-JLR

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

DECLARATION OF ERIN TOLL IN
OPPOSITION TO ORT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT -- 6
No. 2:10-cv-00038-JLR
j:\c16517\m41754~1\Toll Decl.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599