HONORABLE JUDGE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLD REPUBLIC TITLE, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> TROY X. KELLEY and DIANE DUFFRIN KELLEY, individually and as a marital community; BLACKSTONE INTERNATIONAL, a Nevada corporation; and BERKELEY UNITED, LLC, a Nevada corporation, <br><br> Defendants. | No. 2:10-cv-00038-JLR <br><br> **DEFENDANTS' MOTION FOR REDACTION IN FILED DOCUMENTS AND/OR SEALING** <br><br> **NOTE ON MOTION CALENDAR**: **JUNE 3, 2011** |

### I.     BACKGROUND

This case involves claims by Old Republic Title, Ltd. ("ORT") for alleged refunds due to ORT customers from the Post Closing Department ("PCD"), a dba for United National LLC owned by defendant Troy Kelley. ORT hired PCD to perform reconveyance services. In every real estate transaction involving a deed of trust, the trustee holding the deed must return title to the borrower once the obligation secured by the deed is paid off. That process is called a reconveyance. ORT collected reconveyance fees from its escrow customers for use in reconveyance processing and tracking. It hired PCD for processing and tracking each reconveyance. ORT collected a fee from each customer that was supposed to cover all costs

DEFENDANTS' MOTION FOR REDACTION
IN FILED DOCUMENTS AND/OR SEALING
-- 1
No. 2:10-cv-00038-JLR
m41754-1579427.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

associated with accomplishing each reconveyance. At issue in this case was ORT's claim that PCD did not use all of the money collected from ORT customers for reconveyances and that PCD should have returned unused amounts to customers.

On May 3, 2011, the parties reached a Settlement Agreement that resolved all claims between the parties. The Settlement Agreement specified that it was not to be construed as any admission of liability by any party. The Settlement Agreement also required the parties to file with the court a Stipulation for an Order Requesting: (1) dismissal of the lawsuit with prejudice and without costs or attorneys' fees to any of the parties; (2) the removal and/or sealing of certain pleadings, documents and exhibits on file with the court and (3) termination of the Stipulated Order for Maintaining Funds (Dkt. #128). This motion is filed with the Stipulation to accomplish the second request.

## II. MOTION

The Kelleys hereby request the court to substitute the redacted versions of the following pleadings for those in the official court file: Docket numbers 27, 28, 50, 57, 59, 69, 62, 88, 89, 94, 95, 112, 120 and 122. The redacted versions are attached to the Declaration of Judith A. Endejan in support of this Motion. Alternatively, the Kelleys ask that the redacted version be substituted for the public version and the non-redacted versions be sealed.

The defendants request that the following pleadings be withdrawn from the official court file, or if that is not possible, that they be sealed: Docket numbers 110, 111, 123 and 124.

The attached chart (Attachment A) provides a specific description of each of the foregoing pleadings by title and sets forth a concise basis for redaction or sealing. The facts supporting this Motion are in the Declaration of Troy X. Kelley filed herewith.

## III. BASIS FOR MOTION

A. CR 5(G) ALLOWS COURT RECORDS TO BE SEALED OR REDACTED.

The court records at issue in this motion fall into four categories, each of which is subject to slightly different analyses:

DEFENDANTS' MOTION FOR REDACTION IN FILED DOCUMENTS AND/OR SEALING -- 2

No. 2:10-cv-00038-JLR

m41754-1579427.doc

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

1. Records relating to non-dispositive motions decided by the court.

2. Records relating to non-dispositive motions never considered by the court.

3. Records relating to non-dispositive motions that were withdrawn and never considered by the court.

4. Records relating to dispositive motions never decided by the court.

Two general standards apply for sealing court records under CR 5(g)(2):

> With regard to dispositive motions, this presumption [public access] may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review. With regard to nondispositive motions, this presumption may be overcome by a showing of good cause under Rule 26(c).

Only the fourth category could be subject to the "compelling reasons" test, but it is not clear if this standard applies to dispositive pleadings never considered by the court. At least one Washington court has ruled that in this circumstance – as in this case – the good cause standard applied. In *Bennett v. Smith Bunday Berman Britton*, 156 Wn. App. 293, 234 P.3d 236 (2010) the court ruled that dispositive records never considered by the trial court (because the case settled) could remain sealed under the good cause standard. 156 Wn. App. At 308. The court ruled:

> Under the particular circumstances presented here, where the court did not read or decide the motion and did not consider the sealed documents for any purpose, the documents did not become part of the court's performance that the public has a constitutional right to scrutinize. Accordingly, the court did not need to find a compelling interest to justify allowing them to remain sealed.

*Id.* at 296.

The rationale for the "compelling reasons" standard analyzed in *Bennett* is the same used in federal courts. The reason for open access with respect to dispositive motion records is "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Id.* (citations omitted). *Kamakana v. City and County of Honolulu*,

DEFENDANTS' MOTION FOR REDACTION IN FILED DOCUMENTS AND/OR SEALING -- 3

No. 2:10-cv-00038-JLR

m41754-1579427.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

447 F.3d 1172, 1179 (9th Cir. 2006). Like in *Becker*, this court should apply a good cause standard to the dispositive motion pleadings because they were never considered by this court and are not essential to public understanding of the judicial process. As explained herein, good cause exists to allow the defendants to redact the dispositive motion pleadings and place the unredacted versions under seal. Even if the court applied the "compelling reasons" standard to these documents the same relief should be granted.

Under the "compelling reasons" standard, a district court must weigh "relevant factors" which is the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting *EEOC v. Erection Co., Inc.* 900 F.2d 168, 170 (9th Cir. 1990)).

In this case, the public interest in understanding the judicial process will not be harmed because the Court never made an adjudication on summary judgment so public access to the records on dispositive motions is not necessary. In addition, as explained in Section III.B, Mr. Kelley has a legitimate reason to believe that these records could be used improperly as part of a negative ad campaign against him in his next political race. Therefore, the fourth category of court records (Dkt. ## 88, 89, 90, 91, 120, 122) should be redacted as set forth in Exhibits 11-16 to the Declaration of Judith A. Endejan filed herewith (Endejan Decl.) and the unredacted versions sealed.

The remaining three categories of court records clearly can be redacted or sealed upon a "good cause" showing. These all deal with non-dispositive motions which "are often 'unrelated, or only tangentially related, to the underlying cause of action,'" and as a result, the public's interest in accessing materials does not apply with equal force to non-dispositive materials. *Kamakana*, 447 F.3d 1172 at 1179. Certainly with respect to records relating to non-dispositive motions <u>never considered by the court</u> there is minimal impact to the public. This consideration applies to court records relating to ORT's Motion to Compel (Dkt. ## 88, 89) and Motion for

DEFENDANTS' MOTION FOR REDACTION
IN FILED DOCUMENTS AND/OR SEALING
-- 4

No. 2:10-cv-00038-JLR

m41754-1579427.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

Preliminary Injunction (Dkt. ## 110, 111, 123, 124).  Indeed, with respect to the latter motion, ORT <u>withdrew</u> it so records relating to it should be withdrawn from the public court file.  If that cannot be done, then these documents should be sealed.  With respect to the former motion, the Court announced that the Motion to Compel would not be considered because it was untimely at the April 13, 2011 hearing (Dkt. #133).  Accordingly, there is no public interest reason to provide public access to documents relating to non-dispositive motions that involved no judicial action.

The Ninth Circuit applies the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure to private materials unearthed during discovery that are attached to nondispositive motions.  Under that standard, a trial court may fashion protection "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  In *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) the court said "when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted."  This suggests that discovery documents – even though not sealed, as in this case – may be protected from public access.

Mr. Kelley submits that many of the documents[1] that he requests be sealed in the public record are discovery documents that contain confidential or private information and have no relevance to any matter of public interest, because they deal with matters between private litigants.  Certainly, there is no reason for the public to have access to confidential financial, personnel or tax information from the Kelleys disclosed in attachments to non-dispositive pleadings.[2]

As further explained, the facts of Mr. Kelley's particular circumstance provides that good cause exists to seal them and to allow the redacted form of the pleadings to be filed.

---

[1] Attachments to Declarations contain discovery matters (Dkt. ## 22, 27, 29, 95, 111, 122).

[2] *See* Dkt. ## 26, 27, 89, 95, 111.

DEFENDANTS' MOTION FOR REDACTION IN FILED DOCUMENTS AND/OR SEALING -- 5
No. 2:10-cv-00038-JLR
m41754-1579427.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

**B.      MR. KELLEY HAS GOOD CAUSE TO BELIEVE CERTAIN PLEADINGS WILL HARM HIS POLITICAL FUTURE.**

This litigation was highly contentious, with ORT making repeated allegations of misappropriation, evidence spoliation, lies and fraudulent transfers of assets against Mr. Kelley. In addition, in many pleadings, ORT discussed the defendants' bank statements, tax returns and personnel records. The defendants deny, and continue to deny, ORT's allegations. This Court made no findings that support ORT's statements. As stated in the Declaration of Mr. Kelley, filed herewith, Mr. Kelley is concerned that the unsubstantiated statements made in ORT's pleadings could be used against him by his political opponents in future races. Mr. Kelley is an elected member of the Washington House of Representatives, serving the 28th Legislative District and he runs for re-election every two years. It is well known that negative campaign ads are frequently used during election season. Statements drawn from court documents are used in negative ads as ammunition, irrespective of whether such statements are ever substantiated by court findings. Political opportunists plant in the minds of voters negative statements derived from court documents. Because they come from official files, the public thinks (inaccurately) that such statements must be true. Mr. Kelley has seen negative ads against State Senator Mike Carrell using statements taken from court files in his divorce proceeding (Kelley Decl., ¶ 12). Therefore, Mr. Kelley requests this Court's assistance to prevent the harm that could be done to his legislative career by irresponsible use of pleadings in this case by political operatives.

### IV.      CONCLUSION

Mr. Kelley respects the strong presumption of public access to the court's files in CR 5(g)(2). That is why his request here is narrowly drawn to two categories of statements: (1) that allege against him misappropriation, evidence spoliation, discovery abuse, lies or fraudulent asset transfer and (2) those that discuss confidential bank, personnel or tax records.

The first category of statements would damage Mr. Kelley's reputation if they were misused in public disclosure. Because no judicial findings support these statements they cannot

DEFENDANTS' MOTION FOR REDACTION IN FILED DOCUMENTS AND/OR SEALING -- 6

No. 2:10-cv-00038-JLR

m41754-1579427.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

be presumed to be true and the public would suffer no harm from lack of access to unproven serious allegations of misconduct. In contrast, Mr. Kelley's damaged reputation would be difficult, if not impossible, to rehabilitate. As Iago said in <u>Othello</u>: "Who steals my purse steals trash …. But he that filches from me my good name robs me of that which not enriches him, and makes me poor indeed."[3]

Mr. Kelley does not ask this Court to shield him from documents relating to his performance of his public duties. Rather, he requests that documents that relate to a private dispute, with no relevance to his public duties, be redacted or removed to prevent harm to his political future. This dispute is now resolved and there is good reason to protect Mr. Kelley from unproven, lurid allegations from court documents that may be taken out of context.

For the foregoing reasons, the Court should grant this motion.

DATED this 24th day of May, 2011.

GRAHAM & DUNN PC

By /s/ Judith A. Endejan
Judith A. Endejan, WSBA# 11016
Email:  jendejan@grahamdunn.com
David C. Lundsgaard, WSBA# 25448
Email:  dlundsgaard@grahamdunn.com
2801 Alaskan Way ~ Suite 300
Seattle, WA 98121-1128
Tel: 206.624.8300/Fax: 206.340.9599

*Attorneys for Defendants Troy X. and Diane Duffrin Kelley, Blackstone International and Berkeley United, LLC*

---

[3] William Shakespeare, <u>Othello</u> (3.3.1807-1811).

DEFENDANTS' MOTION FOR REDACTION IN FILED DOCUMENTS AND/OR SEALING -- 7
No. 2:10-cv-00038-JLR
m41754-1579427.doc

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

# CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Scott A. Smith, WSBA #11975<br>Gavin W. Skok, WSBA #29766<br>William P. Brewer, WSBA #37055<br>Riddell Williams P.S.<br>1001 Fourth Avenue, Suite 4500<br>Seattle, WA 98154-1192<br>Tel:  206.624.3600<br>Fax: 206.389.1708 | ☐ U.S. Mail, Postage Prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☐ Email – ssmith@riddellwilliams.com; gskok@riddellwilliams.com; wbrewer@riddellwilliams.com<br>☒ Electronically served via Court's website |
|---|---|

Dated this 24th day of May, 2011.

                                        s/*Darlyne De Mars*
                                        Legal Assistant to Judith A. Endejan and David C. Lundsgaard
                                        GRAHAM & DUNN PC
                                        Pier 70 ~ 2801 Alaskan Way, Ste. 300
                                        Seattle, WA  98121-1128
                                        Tel:  (206) 624-8300
                                        Fax:  (206) 340-9599
                                        Email: ddemars@grahamdunn.com

DEFENDANTS' MOTION FOR REDACTION
IN FILED DOCUMENTS AND/OR SEALING
-- 8

No. 2:10-cv-00038-JLR

m41754-1579427.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599